Gabriel **TREVINO, et al., Plaintiffs,**

v.

**D.H. KIM ENTERPRISES,
INC., Defendant.**

Civil No. PJM 96–1398.

United States District Court,
D. Maryland.

Aug. 26, 1996.

Philip B. Zipin, Gagliardo & Zipin, Silver Spring, MD, for Plaintiff.

*OPINION*

MESSITTE, District Judge.

I.

Plaintiffs United States of America *ex rel.* Gabriel Trevino, et al. filed the instant law-

suit against D.H. Kim Enterprises, Inc. alleging violations of federal and Maryland wage and hour laws, breach of contract and quantum meruit. Defendant has not answered or otherwise appeared to date. Pending is Plaintiffs' Motion for Judgment By Default, which the Court will now GRANT.

## II.

The chronology of the case is as follows:

On May 3, 1996, Plaintiffs filed their Complaint. On May 6, 1996, the Clerk issued a 20–day summons pursuant to Plaintiffs' request. On May 7, 1996, according to Plaintiffs' counsel's affidavit, the summons and Complaint were mailed to Defendant's registered agent, along with a "Notice" pursuant to "Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure" (the "Notice").[1] The Notice was directed to Defendant's registered agent and included the following language:

The enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. A stamped return envelope is provided for your convenience.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

On May 10, 1996, Defendant's registered agent signed the Notice, declaring under penalties of perjury that he received a copy of the summons and Complaint. On June 13, 1996, based on Plaintiffs' attorney's affidavit of service, the Clerk entered an Order of Default pursuant to Federal Rule of Civil Procedure 55. On July 31, 1996, Plaintiffs filed the instant Motion for Judgment By Default along with affidavits from each of the eight Plaintiffs regarding amounts due.

## III.

The irregularity in Plaintiffs' service of process is that they attempted to proceed under a rule, Fed.R.Civ.P. 4(c)(2)(C)(ii), that is no longer in place. That rule was superseded by the current Rule 4(d) in 1993. *See generally Maryland State Firemen's Ass'n v. Chaves,* 166 F.R.D. 353 (D.Md.1996). The Court must therefore consider whether Plaintiffs' service is effective under the requirements of the current rule.

■ A plaintiff may send a defendant notice of the action and a request for waiver of service, but there are numerous requirements meant to safeguard the defendant. *See* Fed.R.Civ.P. 4(d). Most of the requirements of Rule 4(d) have been met, albeit inadvertently, by Plaintiffs in this case.[2] Technically, two requirements have not been met.

■ First, Plaintiffs were to have "inform[ed] the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request." Fed.R.Civ.P. 4(d)(2)(D). Although Plaintiffs did not use the official form, they did inform Defendant of the consequences of compliance, i.e., that Defendant must answer the Complaint within 20 days,

---

**1.** Although the affidavit does not specify *how* Plaintiffs' counsel mailed the documents, the Court assumes that the method was first class mail.

**2.** For example, Plaintiffs' notice was accompanied by a copy of the Complaint and identified the Court in which it was filed, Rule 4(d)(2)(C), and the notice set forth the date on which it was sent, Rule 4(d)(2)(E).

and of non-compliance, i.e., that Defendant might be assessed the costs of obtaining service in another manner. The Court is satisfied that this technical violation of Rule 4(d)(2)(D) does not render Defendant's acknowledgment of service invalid.

Second, the new rule requires Plaintiffs to "allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent." Rule 4(d)(2)(F). In this case, Plaintiffs only allowed 20 days. Even so, more than one hundred days have passed since Defendant's agent acknowledged receipt of the pleadings and a response has yet to be filed. Plaintiffs' slight variation from the established procedure cannot realistically have prejudiced Defendants and the Court will disregard it.

Defendants' registered agent acknowledged under penalties of perjury that he had received the summons and Complaint. The Notice sent by Plaintiffs clearly stated that the agent's signature and return of that acknowledgment required an answer to the Complaint within 20 days (i.e., by May 28, 1996) and that failure to answer would result in a default judgment.[3]

Although Plaintiffs may have complicated matters by following outdated procedures, the Court concludes that the requirements of Federal Rule of Civil Procedure 4(d) have substantially been met and service is effective in this case. Default judgment is therefore appropriate and will be entered in favor of each plaintiff in the amount attested to in his affidavit.

An appropriate Order will be entered.

---

**3.** Rule 4(d) provides that a defendant who waives service is not required to answer until 60 days after the date on which the request for a waiver is sent. Fed.R.Civ.P. 4(d)(3). The time to answer in that event would have been July 8, 1996. The Court need not decide whether a party that acknowledges that an answer is due sooner, as Defendant did here, loses the benefit of the rule and shortens its time to answer. Since no answer has been filed as of late August, even the longer deadline has expired.

It is true that if the 60–day deadline were applicable, the Clerk's Order of Default, dated June 13, 1996, would have been premature. That presents no difficulty, however. Were the Clerk's Order of Default void, the Court would still have the power to enter a default in cases where a plaintiff seeks a default judgment without having first obtained entry of default. *See Breuer Elec. Mfg. Co. v. Toronado Sys. of America, Inc.*, 687 F.2d 182, 185 (7th Cir.1982). Under the circumstances of this case, the Court hereby exercises that power.