**STAPO INDUSTRIES, INC., Plaintiff,**

v.

**M/V HENRY HUDSON BRIDGE, her engines, boilers, tackle, etc.; and Welgrow International, Inc., Defendants.**

No. 99 Civ. 9859(SHS).

United States District Court, S.D. New York.

Dec. 1, 1999.

Martin F. Casey, New York City, for plaintiff.

Frankie H. Chu, New York City, for defendant.

*OPINION & ORDER*

STEIN, District Judge.

Plaintiff Stapo Industries, Inc. delivered 352 cartons of umbrellas to defendant Welgrow International, Inc. in Hong Kong for shipment to New York aboard the M/V Henry Hudson Bridge. Upon their arrival in New York, the umbrellas were allegedly "found to be wetted." Complaint ¶ 9. Stapo has now filed suit against Welgrow and the vessel pursuant to this Court's admiralty and maritime jurisdiction for the damages it claims to have suffered. Because Welgrow has refused to waive service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Stapo now seeks the costs it incurred in having to effect personal service of the summons and complaint. For the reasons set forth below, plaintiff's motion is granted.

**BACKGROUND**

On September 20, 1999, Stapo's counsel filed the complaint with the Clerk of Court and mailed Welgrow a "Notice of Suit and Waiver of Summons," together with the accompanying summons and complaint, two copies of a "Waiver of Service of Summons" form, and a stamped, self-addressed envelope. The mailing was addressed to "WELGROW INTERNATIONAL, INC." at its Jersey City, New Jersey location. After Welgrow failed to return an executed copy of the waiver accepting process, plaintiff's counsel instructed a process server to serve Wel-

grow personally with the summons and complaint. On October 21, 1999, the process server personally delivered a copy of the summons and complaint to a general manager of Welgrow, thereby effectuating service. Stapo has now moved for the costs of that service of process, as well as for the costs of preparing this motion.

## DISCUSSION

■ Federal Rule of Civil Procedure 4 permits a plaintiff to request that a defendant waive the formal requirements of service of process and further allows the plaintiff to recover the costs of complying with those requirements if the defendant refuses to waive formal service. Specifically, Rule 4(d)(2) provides in pertinent part as follows:

An individual, corporation, or association that is subject to service ... and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to ... an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h) [governing service on a corporation or association].

With respect to the reimbursement of costs, Rule 4(d)(2) further dictates:

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court *shall* impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown. (emphasis added)

Welgrow contends that it had good cause for not complying with Stapo's request for a waiver, because Stapo addressed its request simply to "Welgrow International, Inc." and not to a specific "officer or managing or general agent" of Welgrow, as required by Rule 4(d)(2)(A). Because it had good cause not to return the waiver form, it contends, costs should not be imposed on it. *See, e.g., Steinberg v. Quintet Publishing Ltd.*, No. 98 Civ. 3348, 1999 WL 459809, *2 (S.D.N.Y. June 29, 1999) (denial of costs where waiver request was addressed to corporation and not to officer or agent); *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 95 Civ. 9341, 1997 WL 221200, *6 (S.D.N.Y. Apr. 1, 1997) (denial of costs where waiver request failed to include self-addressed stamped envelope pursuant to Rule 4(2)(G)).

The question, therefore, is whether defendant had good cause to put Stapo to the burden of effectuating personal service on it. The Advisory Committee Note to the 1993 Amendment to Rule 4, which added subsection (d)(2)(A), states that that subsection is "explicit" in its requirement "that a request for waiver of service by a corporate defendant must be addressed to a person qualified to receive service," noting that "[t]he general mail rooms of large organizations cannot be required to identify the appropriate individual recipient for an institutional summons." Fed.R.Civ.P. 4, Advisory Committee Note, *reprinted in* 1 Moore's Federal Practice 3d § 4App.09[02], at 62 (3d ed.1999). Seen in this light, the requirement in Rule 4(d)(2)(A) that it be addressed to "an officer or managing or general agent" functions merely to ensure that the request will expeditiously reach the appropriate decision maker within what may be a large entity.

There is no indication in the present case, however, that Stapo's failure to specify an officer or agent of Welgrow on the address label prejudiced Welgrow in any way or ran any risk of prejudicing it; indeed, there is no claim that the request was delayed in any way from reaching the appropriate person at Welgrow. Moreover, Rule 4 specifically imposes "a duty to avoid unnecessary costs of serving the summons" on a defendant, and that duty is restated in the form promulgated pursuant to Fed.R.Civ.P. 84 for use with Rule 4 and set out in the Appendix of Forms to the Federal Rules of Civil Procedure.

Thus, the technical error in plaintiff's waiver request of not naming a specific officer neither undermined the purposes of Rule

4(d) nor prejudiced Welgrow in the slightest. The history of the Rule clarifies that "[d]efendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs." Fed.R.Civ.P. 4, Advisory Committee Note, *reprinted in* 1 Moore's Federal Practice 3d § 4App.09[02], at 58. Accordingly, defendant's argument must be rejected.

In conclusion, the purposes of Rule 4 have been met in this case and there has been substantial compliance by plaintiff with its requirements. Those facts, combined with defendant's statutory duty to avoid unnecessary costs of service of process, compel this Court to grant costs to plaintiff. *See, e.g., Dymits v. American Brands, Inc.,* No. C 96–1897, 1996 WL 751111, *16 (N.D.Cal. Dec. 31, 1996) ("substantial compliance with the requirements of Rule 4" adequate); *Trevino v. D.H. Kim Enters., Inc.,* 168 F.R.D. 181, 183 (D.Md.1996) (same).

■  Stapo seeks reimbursement for a total of $653.60 in costs incurred as follows: $42.00 billed by the process server; $0.55 in postage to mail the appropriate documents to the process server; $120.00 in attorney's fees in connection with effecting alternative service on defendant (0.6 hours at a rate of $200.00 per hour); $480.00 in attorney's fees in connection with the present motion (2.4 hours at a rate of $200.00 per hour); and $11.05 in costs to serve and file the present motion. *See* Martin F. Casey Aff. ¶¶ 6–8.

Although Welgrow challenges Stapo's right to any award as a matter of law, if an award is made, it challenges only the $120.00 in attorney's fees incurred in connection with effecting alternative service on defendant. Rule 4(d)(5) provides:

The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Because Rule 4(d)(5) explicitly allows an attorney's fee for the motion for costs, Welgrow contends, the Rule implicitly disallows any other attorney's fees, including fees for effecting formal service on defendant. *See* Fed.R.Civ.P. 4, 28 U.S.C.A., Supplementary Practice Commentary C–17, at 54–57 (West Supp.1998) ("[T]he explicit allowance of an attorney's fee for making a motion to collect costs seems by implication to negate the award of an attorney's fee for the time spent in arranging for formal service."), *cited in Morales v. SI Diamond Technology, Inc.,* No. 98 Civ. 8309, 1999 WL 144469, *3 (S.D.N.Y. Mar. 17, 1999).

This reading of Rule 4(d)(5) does not bear close scrutiny. First, as discussed above, the primary purpose of Rule 4(d) is to shift the unnecessary costs of formal service from the plaintiff to the defendant, and hence it would be anomalous to interpret the Rule not to encompass the attorney's fees incurred by formal service, which often constitute the bulk of those costs. Second, the Advisory Committee Note to the Rule states that "[i]n the absence of [Rule 4(d)(5)], the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff." Fed.R.Civ.P. 4, Advisory Committee Note, *reprinted in* 1 Moore's Federal Practice 3d § 4App.09[02], at 63–64. Accordingly, the reference to attorney's fees in Rule 4(d)(5) merely augments the amount of costs recoverable by a plaintiff, and defendant's contrary argument must be rejected.

***CONCLUSION***

For the reasons set forth above, plaintiff's motion for costs is granted, and plaintiff is awarded $653.60 in costs.

SO ORDERED.